# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAGNESITA REFRACTORIES COMPANY and BAKER REFRACTORIES I.C., INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>TIANJIN NEW CENTURY REFRACTORIES CO., LTD., YINGKOU NEW CENTURY REFRACTORIES LTD., NEW CENTURY REFRACTORY SOLUTIONS INC., and DONALD GRIFFIN (an individual and d/b/a TECHNICAL CONSULTANT'S LABORATORIES),<br><br>        Defendants. | Case No. 1:17-cv-01587<br><br>(Chief Judge Conner) |

## **STIPULATED PROTECTIVE ORDER**

Pursuant to the Court's Order, Doc. 74, the parties to the above-captioned action (the "Action"), through their undersigned counsel, have stipulated to the entry of the following Protective Order governing the production, dissemination, and use in the course of the Action of documents, data, testimony or other information or materials that any of them regards as confidential, proprietary, or commercially sensitive.

1. If a party believes that any document, data, testimony, or other information or material, or any portion thereof, that will be produced or disclosed by that party or a third party in discovery in this Action contains: (a) sensitive business information, trade secrets, proprietary data, sensitive or protected personal information, or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, or (b) information that is subject to a non-disclosure agreement, confidentiality agreement, or Protective Order with a third party, the party may designate such materials as "Confidential" (the "Confidential Materials") by stamping such materials with the legend "CONFIDENTIAL" or otherwise clearly identifying such materials to counsel in writing as Confidential, such as by cover letter. For the purposes of this Protective Order, Confidential Materials shall include the documents, information and material designated as "Confidential" pursuant to this Paragraph, and any copies, portions, summaries, analyses or excerpts thereof.

2. A party may further designate certain Confidential Materials as "Outside Attorneys' Eyes Only" (which materials will be considered as a subset of Confidential Materials) by stamping such information or materials with the legend "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" or otherwise clearly identifying such materials to counsel in writing as Outside Attorneys' Eyes Only, such as by cover letter, if the party believes in good faith

that such information is of such a heightened sensitive, commercial or competitive nature that such a designation is warranted. For the purposes of this Protective Order, any copies, portions, descriptions, summaries, analyses or excerpts of materials designated as Outside Attorneys' Eyes Only shall also be treated as Outside Attorneys' Eyes Only.

3. In the case of deposition or other pretrial testimony, Confidential Materials shall be designated by counsel by

    a. a statement on the record at or before the conclusion of the deposition or testimony; or

    b. written notice, sent by counsel to all Parties within ten business days of receipt of the deposition or testimony transcript; provided that only those portions of the transcripts designated as Confidential Materials shall be deemed confidential; and

    c. depositions shall be treated as Confidential Materials until the eleventh business day after counsel receives a copy of the transcript.

4. The foregoing right to designate Confidential Materials shall be without prejudice to the right of the parties hereto to object to the production of materials they consider not subject to discovery. The production, dissemination and use of Confidential Materials in the course of this Action shall not waive any privilege or other objection to the use of such materials in this Action.

5. A party shall engage in a reasonable inquiry, to determine whether its production materials qualify for a Confidential or Outside Attorneys' Eyes Only designation. The reasonableness of the inquiry at the time shall depend on the volume of responsive materials covered by discovery requests and the time by which such materials were required to be produced.

6. Should any party object to the classification of materials as Confidential Materials and/or Outside Attorneys' Eyes Only, and should the parties be unable to resolve the objection informally, then the party objecting to such classification may seek a ruling from the Court determining that the materials are not properly designated as Confidential Materials and/or Outside Attorneys' Eyes Only. Until and unless the Court rules to the contrary, all materials designated as Confidential Materials and/or Outside Attorneys' Eyes Only shall be treated as prescribed in this Protective Order for materials so designated.

7. No party concedes that documents or information designated by any other party as Confidential Materials and/or Outside Attorneys' Eyes Only in fact contain or reflect confidential or proprietary information, or have been properly so designated. A party shall not be obligated to challenge the propriety of the designation of documents or information as Confidential Materials and/or Outside Attorneys' Eyes Only at the time made, and failure to do so shall not preclude a subsequent challenge thereof. Each party specifically reserves the right to object to

the use or admissibility of all confidential information disclosed, in accordance with applicable law.

8. All Confidential Materials shall be used by any party (and/or anyone else entitled to receive them pursuant to the terms of this Protective Order) to whom they are disclosed and/or their attorneys solely for the purposes of preparing for and conducting the Action and any and all related appeals, and shall not be used in any manner outside of the Action or for any other purpose.

9. Confidential Materials, excluding materials designated as Outside Attorneys' Eyes Only (which are addressed in Section 10 below), shall not be disclosed to any person, except:

    a. Outside counsel of record for any of the parties to the Action, including attorneys regularly employed or retained by such counsel and clerical, paralegal, and secretarial staff employed or retained by such counsel and who are assisting counsel in connection with the Action;

    b. Parties to this Action, including officers, directors, representatives or employees of a party who the party in good faith determines need access in connection with assisting in the evaluation, prosecution or defense of the Action;

    c. Independent consultants or independent experts assisting any party to this Action in the evaluation, prosecution, or defense of the Action,

provided that such persons are first given a copy of this Protective Order and execute the certificate in Exhibit A, which certificate shall be retained by counsel for such party;

      d.    Any witness called to give testimony in this Action, provided that the witness shall not be provided a copy of the document, but may only be shown the document while providing testimony, and provided that the witness first agrees, in writing or on the record, to maintain the confidentiality of the document and any information contained therein;

      e.    Court reporters or stenographers employed in connection with the Action;

      f.    The Court and Court personnel;

      g.    As required by federal, state, or other regulatory agencies; or

      h.    As otherwise agreed to in writing by the parties, or as required by law.

10.    Materials designated Outside Attorneys' Eyes Only shall not be disclosed in any manner to any person or entity other than as set forth in Section 9(a), (c), (e), (f), (g) and (h).

11.    Prior to disclosing or displaying Confidential Materials to any person, counsel shall:

      a.      Inform the person of the confidential nature of the information or documents; and

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

12.    A party desiring to disclose Confidential Materials designated as Outside Attorneys' Eyes Only to an independent expert or independent consultant shall maintain a log identifying the bates ranges of the Confidential Materials so disclosed and the date of disclosure. This log shall be made available upon request to the party which produced the Confidential Materials designated as Outside Attorneys' Eyes Only following the conclusion of the litigation.

13.    It is understood by the parties that any documents that become part of an official judicial proceeding or are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

14.    Before filing or offering as exhibits any pleadings or other documents that contain Confidential Materials, the parties shall confer and attempt to agree on

redactions that would permit the filing or offering of the pleadings or other documents in open court. If the parties are unable to agree on such redactions, the party seeking to file or offer the documents shall move the Court for an order permitting such pleadings or other documents to be filed or offered under seal. No pleadings or other documents that contain Confidential Materials shall be filed or offered before the Court's ruling on any such motion.

15. At the conclusion of litigation, the Confidential Materials and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment, including the exhuastion of all appeals, or dismissal pursuant to a settlement agreement) returned to the producing party or certified as destroyed. However, counsel of record and/or in-house counsel, but not a party, may retain copies of: (i) documents filed with a court; (ii) documents used as exhibits at any trial, hearing or deposition in connection with the Action; (iii) transcripts of any hearing, deposition or trial in connection with the Action; and (iv) attorney work product, whether or not such work product contains or references Confidential Materials.

16. Nothing contained herein shall prevent any party from disclosing its own Confidential Materials (*e.g.*, materials containing that party's own sensitive business information, proprietary data or commercial or personal information) as it

deems appropriate, and any disclosure or use by a party of its own Confidential Materials shall not be a waiver of the provisions contained herein.

17. If Confidential Materials in the possession of a receiving party are subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, the party to whom the subpoena is directed shall give written notice of the subpoena (including the delivery of a copy thereof) to the attorneys for the producing party at least five (5) business days before the time when production of the information is requested by the subpoena. In the event that the subpoena purports to require production of such Confidential Materials on less than five (5) business days' notice, the party to whom the subpoena is directed shall give immediate telephonic notice of the receipt of such subpoena, and forthwith deliver a copy thereof by hand, facsimile or email, to the attorneys for the producing party. Absent a court order to the contrary, the party to whom the subpoena is directed may comply therewith; however, if application for a protective order is made promptly before the return date, the party to whom the subpoena is directed shall not produce such Confidential Materials before receiving a court order or the consent of the producing party.

18. In the event that Confidential Materials are disclosed to someone not authorized under the terms of this Protective Order to receive such information, upon learning of the unauthorized disclosure counsel of record for the party

involved with the disclosure shall, if and to the extent permitted by applicable rules of professional conduct and privilege, immediately inform counsel of record for the producing party, describing the circumstances surrounding the unauthorized disclosure, and shall take reasonable steps to retrieve the Confidential Materials.

19. The inadvertent disclosure of any document that is subject to a legitimate claim that such document should have been withheld from disclosure on the basis of the attorney-client privilege, work product doctrine or any other privilege ("Protected Material") shall not waive any privilege or other applicable protection for such document or for the subject matter of the document if the producing party, upon becoming aware of the disclosure, promptly requests the return of such document. Except in the event that the requesting party disputes the claim of privilege or protection, any documents that the producing party deems to contain inadvertently-disclosed Protected Material shall be, upon written request, promptly returned to the producing party or destroyed, at the producing party's option. This includes all copies, electronic or otherwise, of any such documents. In the event that the producing party requests destruction, the requesting party shall provide written certification of compliance within ten (10) days of such written request. In the event that the requesting party disputes the producing party's claim as to the protected nature of the material or the claim that it was inadvertently disclosed, a single set of copies may be sequestered and retained by and under the control of requesting

party's counsel for the sole purpose of seeking a determination of the issue by the Court.

20. The inadvertent failure by the disclosing party to identify specific information as HIGHLY CONFIDENTIAL– OUTSIDE ATTORNEYS' EYES ONLY shall not act as an admission that the information is not trade secret information, nor shall it serve as a waiver to assert protection of that information as trade secret information.

21. The inadvertent failure by the disclosing party to identify specific information as Outside Attorneys's Eyes Only shall not act as an admission that the information does not qualify for that designation, and shall not serve as a waiver to assert protection of that information as highly sensitive and reclassify that information as Outside Attorneys' Eyes Only.

22. Any inadvertent disclosure of unmarked Confidential Materials shall not preclude the disclosing party from later claiming a right to confidentiality with respect to, or trade secret rights in, the inadvertently disclosed and subsequently designated Confidential Materials.

23. This Protective Order may be modified only by written agreement signed by counsel for all parties or upon Order of the Court. No term of this Protective Order shall be waived except by means of a writing executed by the waiving party.

24. The terms of this Protective Order shall survive the termination of this Action and continue in full force and effect, and the Court shall retain jurisdiction for purposes of enforcing the terms of this Protective Order.

25. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

STIPULATED AND AGREED BY:


/s/ *Benjamin E. Leace*
Benjamin E. Leace (*pro hac vice*)
Christpher H. Blaszkowski (*pro hac vice*)
RatherPrestia
2200 Renaissance Blvd., Suite 350
King of Prussia, PA 19406
(610) 407-0700
beleace@ratnerprestia.com
chblaszkowski@ratnerprestia.com

*Attorneys for Plaintiffs*


/s/ *Bruce C. Fox*
Bruce C. Fox (*pro hac vice*)
bruce.fox@obermayer.com
Paige Macdonald-Matthes
pmm@obermayer.com
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
200 Locust Street, Suite 400

Harrisburg, PA 17101
(717) 234-9730 (p)
(717)-236-2485 (f)
*Counsel for the NCR Defendants*

/s/ *Michael E. Rowan*
Michael E. Rowan
Shumaker Williams, P.C.
3425 Simpson Ferry Road
Camp Hill, PA 17011
P: 717-763-1121
F: 717-763-7419
mrowan@shumakerwilliams.com
*Counsel for Donald Griffin*

                                            IT SO ORDERED

                                       /s/ CHRISTOPHER C. CONNER    4/16/19
                                       CHRISTOPHER C. CONNER
                                       Chief United States District Judge

# **EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Magnesita Refractories Company vs. Tianjin New Century Refactories Co., Ltd., Yingokou New Century Refractories, Ltd., New Century Refractory Solutions, Inc., and Donald Griffin (an individual and d/b/a Technical Consultant's Laboratories),* pending in the United States District for the Middle District of Pennsylvania, have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/TRADE SECRET INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY" are protected as Confidential Materials under the Protecitve Order entered by the Court, a copy of which I have received and read.

I hereby agree that I will not disclose any information contained in such documents to any person, other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of the Court. I further agree that I will not use any such information for any purpose other than this litigation, and I hereby submit to the jurisdiction of the United States District Court for the Middle District of

Pennsylvania for the purpose of enforcement of the terms of the Protective Order and the punishment of violations thereof.

DATED: _____


_____
Signature


_____
Print Name